IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BARRY JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CV- |
| | ) | |
| R. JAMES NICHOLSON, in his official capacity as Secretary of Veterans Affairs, and | ) ) ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, | ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW PLAINTIFF, Barry Jackson, and in support of his Complaint alleges the following:

## NATURE OF THE ACTION

1. This is an action for declaratory and injunctive relief and money damages for violations of the Privacy Act of 1974. Plaintiff is one of approximately 26.5 million individuals who are both veterans and active service members of the Armed Services of the United States who have suffered emotional distress, have been placed in fear of identity theft,

destruction of credit and financial fraud, have, in fact, been victimized by identity theft, have had their credit adversely affected, and who have had their private and personal health care information compromised because of Defendants' intentional, willful and reckless disregard for the security and privacy of these individuals' personal information.

2. Defendant Nicholson failed to properly perform the duties of his position as Secretary of Veterans Affairs ("Secretary") and did not protect the privacy rights of Plaintiff, and failed to institute and enforce procedures mandated by law for the protection of veterans' and service members' private and personal information.

3. Defendant United States Department of Veterans Affairs ("Department" or "VA") failed to assure that Plaintiff's privacy rights were protected, failed to institute and enforce procedures mandated by law for the protection of veterans' and service members' private and personal information, and flagrantly disregarded the privacy rights of virtually all armed service members by illegally maintain a database of personal information unrelated to claims for benefits and by requiring that veterans' and service members' records be maintained and accessed through their individual, private and personal social security numbers or other identifiers that were required by law to be kept confidential..

4. Defendants compounded their disregard for veterans' and service members' privacy rights by intentionally, willfully and/or recklessly failing to make even the most elementary effort to safeguard Plaintiff's personally identifiable information from unauthorized disclosure.

5. The result of the Defendants' willful, reckless, and/or intentional disregard of the privacy rights of the Plaintiff was the unauthorized disclosure of Social Security numbers, addresses, telephone numbers and health information pertaining to approximately 26,500,000 veterans and service members.

6. Defendants' actions and inactions have inflicted serious harm and will continue to inflict real costs and emotional pain and suffering on Plaintiff and every other living veteran and their families whose personal and private information has been compromised.

7. Defendants' willful and intentional failure to establish and enforce appropriate safeguards to ensure the security and privacy of such personal and private information and to protect against any known or anticipated threats or hazards to the security and integrity of these records is in violation of 5 U.S.C. § 552a(e)(10) and other laws. Furthermore, subsequent to learning of the foregoing unauthorized disclosures, Defendants were deliberately indifferent in failing to take reasonable

corrective action, including but not limited to, providing prompt and accurate notification of the disclosures to law enforcement and the affected veterans and service members despite knowledge of the substantial risk of serious harm to the personal and financial security of the affected veterans as a result of the disclosures.

## JURISDICTION & VENUE

8. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. Jurisdiction is also invoked pursuant to 5 U.S.C. §§ 552a(g)(5) because this is a civil action to enforce a liability created under 5 U.S.C. § 552a.

9. Venue is appropriate pursuant to 5 U.S.C. § 552a(g)(5) and 28 U.S.C. § 1391(c).

10. Plaintiff is a veteran of the United States Armed Services honorably discharged from service. He is a resident of Fairfield, Alabama.

11. Defendant R. James Nicholson is the former Secretary of Veterans Affairs and was the official responsible for the proper execution and administration of all laws administered by the Department and for the control, direction and management of the Department.

12. Defendant VA is an executive department of the federal government and is, therefore, an agency for purposes of the Privacy Act of 1974.

## STATEMENT OF FACTS

13. VA employees were able to easily access computer files containing private Personal Information of millions of veterans and copy the files from the VA's system onto external disks and their personal computers. VA employees had been removing the data from the VA facility for a period of three years in a practice expressly or implicitly ratified by the VA.

14. On or about May 3, 2006, a laptop computer and external data storage device or devices were reported stolen from the Aspen Hill, Maryland home of John Doe, a VA employee. The laptop computer and data storage device or devices contained a copy of a collection or grouping of information pertaining to approximately 26.5 million persons (the "Personal Information"), including military veterans and approximately 2.2 million current active service members and their spouses (or nearly 80 percent of the active duty force). The Personal Information contained individual identifying information including, but not limited to, names, addresses, phone numbers, social security numbers, dates of birth, and health information. In addition, at least three hundred of the records contained disability information and information related to possible

exposure to biological and chemical agents. None of the information was encrypted or similarly protected.

15. John Doe had removed the VA files containing the private personal information of 26.5 million veterans from the VA facility and taken it to his home shortly before the theft described in the prior paragraph. John Doe then copied the files onto his computer and/or external disks for an unspecified purpose. John Doe's computer and/or disks were allegedly stolen during a burglary of his home. Upon information and belief, these items have not been recovered as of the date of this filing of this Complaint. The Personal Information was not encrypted or password protected and is readily accessed and duplicated.

16. John Doe reported the Personal Information theft to one or more VA officials. These VA officials were aware of the compromised security of the Personal Information soon after the occurrence, yet these VA officials willfully and intentionally concealed the disclosure and did not report the incident to other VA officials, law enforcement, or inform the individuals whose Personal Information had been compromised. These failures exhibit Defendants' reckless disregard for Plaintiff's privacy rights, intentional and willful violations of the Privacy Act, and were otherwise not in accordance with law.

17. No VA official charged with protecting the Personal Information pursuant to the Privacy Act and who knew of the unauthorized disclosure informed Defendant VA's Inspector General of the disclosure. The Inspector General only learned of the disclosure through an offhand remark on May 10, 2006. Then, the Inspector General further demonstrated the VA's reckless disregard for privacy rights of the Plaintiffs and the Class and willful disregard for the Privacy Act by failing to interview the employee in question until May 15, 2006, five days later.

18. Defendant Nicholson was informed of the disclosure on May 16, 2006, and the Federal Bureau of Investigation ("FBI") was contacted on or about May 17, 2006. Defendant Nicholson did not publicly inform Plaintiffs or any other individuals of the unlawful disclosure until May 22, 2006, 19 days after the reported theft.

19. Defendant VA had been repeatedly informed of recurring, systemic and fundamental deficiencies in its information security, but failed to effectively respond. VA's own Inspector General has for years criticized the Department for lax information security. Despite the repeated identification of problems, VA has been unable or unwilling to properly secure the personal information under its control. These repeated failures

to correct known vulnerabilities of VA's safeguards for Plaintiff's Personal Information demonstrated a reckless disregard for privacy rights and intentional and willful violations of the Privacy Act.

20. VA flagrantly disregarded the privacy of Plaintiff and caused him adverse effects by failing to keep or maintain an accurate accounting of the disclosures of the Personal Information.

21. VA also flagrantly disregarded the privacy of Plaintiffs and caused him adverse effects by assembling and maintaining the Personal Information in a system of records although the information was not relevant and necessary to accomplish a purpose required by statute or executive order of the President.

22. Defendants knew or should have known that their computer security practices were not in compliance with 5 U.S.C. §552a as well as other federal laws relating to information security. In 2003, a study conducted by the General Accounting Office ("GAO") gave the VA a failing grade for its computer security practices. In March of 2006, the United States House of Representatives' Committee on Government Reform gave the VA an "F" in its annual report card relating to information security. Despite this ample and specific notice of noncompliance and the potential adverse effect of the random and unauthorized disclosures of Personal

Information, Defendants failed to establish appropriate safeguards to ensure the security and confidentiality of veteran records and to protect against any anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10).

23. The unauthorized and unconsented to disclosure of an individual's name, address, date of birth, health and/or disability status and Social Security number creates a substantial risk of identity theft and invasion of privacy. An individual's Social Security number is the most useful identifier for retrieving information from public record databases, financial institutions and credit bureaus. Armed with an individual's name, address, date of birth and Social Security number, an identity thief is able to quickly and easily steal an identity, whereas, without such information, the task is difficult, time consuming and costly. Moreover, the unauthorized disclosure of an individual's health or disability status invades the privacy of information protected under federal law.

24. Defendants' unauthorized and unconsented to disclosures of private Personal Information and the imminent and substantial risk of identity theft of which Plaintiff has been a victim and the risks of identity theft to which Plaintiff has been exposed is the direct result of Defendants' failure to: (1) establish appropriate administrative, technical and physical

safeguards to ensure the security and confidentiality of records; (2) to protect against any anticipated threats or hazards to the security and integrity of these records; and (3) to promptly take reasonable measures to correct the disclosures, including but not limited to, providing law enforcement and the affected veterans with prompt and accurate notice of the disclosures, and free ongoing monitoring of the class members' health and financial reports.

25. As a direct and proximate result of the Defendants' acts and omissions, Plaintiff has been substantially harmed and inconvenienced by being a victim of identity theft and has been exposed to a risk of further substantial harm and inconvenience, has incurred actual damages in purchasing comprehensive credit reports, losing countless hours of his personal time repairing his credit which has been adversely affected as a result of his being a victim of identity theft, and/or monitoring his identity and credit. Additionally, his privacy has been invaded through the disclosure of his private and personal health information.

26. Defendant Nicholson was ultimately responsible for control, direction and management of VA's processes, policies and procedures for compliance with the Privacy Act of 1974 and other privacy laws, rules and regulations, but failed to ensure those processes, policies and

procedures were adequately implemented by his subordinates. Defendant Nicholson knew, or should have known, that VA had long-standing information security deficiencies that threatened the privacy rights of Plaintiff, but did not ensure correction or mitigation of those deficiencies.

27. Defendant Nicholson flagrantly disregarded the privacy rights of Plaintiff and caused him adverse effects by failing to establish and ensure lawful compliance by his subordinates with appropriate administrative, technical and physical safeguards to ensure the security and confidentiality of records and to protect against anticipated threats or hazards to the records security or integrity, which has resulted in and could result in substantial harm, embarrassment, inconvenience or unfairness to any individual whose information was maintained.

28. Each of Defendants' failures complained of caused adverse effects to Plaintiff, including but not limited to, adverse credit consequences, identity theft victimization, embarrassment, inconvenience, unfairness, mental distress, emotional trauma, pecuniary damages and the threat of current and future substantial harm from identity theft.

29. The real threat of identity theft and similar adverse effects of VA's illegal actions and Privacy Act violations requires affirmative actions to recover peace of mind, emotional stability, and personal security, including but

not limited to, frequently obtaining and reviewing credit reports, bank statements, and other similar information, taking actions to repair his adversely affected credit, obtaining credit watch services, and closing financial accounts. Plaintiff has, and will continue to, suffer tangible and intangible damages for the foreseeable future.

## **FIRST CLAIM FOR RELIEF**

30. Plaintiff reasserts the allegations set forth in Paragraphs 1 through 30 above and incorporate them herein by reference.

31. Defendant VA possesses personal information of Plaintiff and millions of veterans and active service members. VA has repeatedly demonstrated an inability or unwillingness to implement, or callous disregard for, fundamental procedures to provide minimally acceptable safeguards for personal and private information in its possession.

32. Defendant Nicholson is ultimately responsible in his official capacity for safeguarding citizen's private information under VA control pursuant to applicable laws, including the Privacy Act of 1974, but has been unable or unwilling to require compliance with those laws.

33. Plaintiff suffered, and continues to suffer, harm as a result of Defendants' actions and from actions improperly withheld or unreasonably delayed.

34. The foregoing acts and omissions of Defendants constitute a willful and intentional failure to establish appropriate safeguards to ensure the security and privacy of veteran records and to protect against known and anticipated threats or hazards to the security and integrity of the private personal records of the Class in violation of 5 U.S.C. § 552a(e)(10).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

a. For a declaration that Defendants' acts and omissions constitute willful violation and intentional failure to establish appropriate safeguards to ensure the privacy of veteran and active service member records and to protect against known and anticipated threats or hazards to the security and integrity of these records in violation of 5 U.S.C. § 552a(e)(10);

b. For preliminary and permanent injunctive relief enjoining, prohibiting and preventing Defendants from continuing to operate without appropriate safeguards to ensure the security and privacy of veteran records and to protect against anticipated threats or hazards to the security and integrity of these records;

c. For reparative injunctive relief requiring Defendants to take necessary measures to safeguard against the serious harm attendant to the

improper disclosure/theft of confidential information including an identity and/or credit monitoring program and a preemptive internet search service for the benefit of Plaintiff under the Court's supervision;

d. That this Court grant to Plaintiff judgment against Defendants for actual damages sustained, but in no event less than $1,000;

e. That this Court grant to Plaintiff his cost and reasonable attorneys' fees; and

f. That this Court grant such other and further relief as the Court deems appropriate.

Dated: 2/19/08 , 2008.

Respectfully Submitted,

_____
One of the Attorneys for
Plaintiff, Barry Jackson

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

**OF COUNSEL**

Archie C. Lamb
F. Inge Johnstone
Tyrell F. Jordan
The Lamb Firm, LLC
2900 First Avenue South
Birmingham, Alabama 35233
Telephone: (205) 324-4644
Facsimile: (205) 324-4649

**SERVE THE FOLLOWING DEFENDANTS BY CERTIFIED MAIL**

**R. JAMES NICHOLSON, in his
official capacity as Secretary of
Veterans Affairs**
810 Vermont Avenue, NW
Washington, D.C. 20420

**UNITED STATES DEPARTMENT
OF VETERANS AFFAIRS**
810 Vermont Avenue, NW
Washington, D.C. 20420

**WANDA ENGLAND
UNITED STATES ATTORNEY FOR
THE NORTHERN DISTRICT OF ALABAMA
CIVIL-PROCESS CLERK**
1801 Fourth Avenue North
Birmingham, AL 35203

**MICHAEL MUKASEY
UNITED STATES ATTORNEY GENERAL**
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001