FILED

2008 Apr-11  PM 02:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| BARRY JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. CV-08-RRA-0289-S |
| R. JAMES NICHOLSON[1], in his | ) | |
| official capacity as | ) | |
| Secretary of Veterans Affairs, and | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF VETERANS AFFAIRS, | ) | |
| | ) | |
| Defendants. | ) | |

## UNOPPOSED MOTION
## TO STAY FURTHER PROCEEDINGS PENDING DECISION BY
## THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

On February 19, 2008, Plaintiff filed the instant lawsuit seeking relief

against Defendants under section 552a(e)(10) of the Privacy Act.  *See* Complaint

¶ 14.  The factual and legal allegations asserted by Plaintiff's Complaint are

identical to those brought by the plaintiffs in three separate cases, all purported

---

[1] R. James Nicholson is no longer the Secretary of Veterans Affairs.  The current
Secretary is James B. Peake.  Accordingly, Secretary Peake should be substituted in his official
capacity for R. James Nicholson.  *See* FED. R. CIV. P. 25(d).

class actions, that have been consolidated for pre-trial proceedings before Judge James Robertson of the United States District Court for the District of Columbia by the Judicial Panel on Multidistrict Litigation.  *See* Nov. 3, 2006, Transfer Order (attached as Ex. A).

As required by the Rules of the Judicial Panel on Multidistrict Litigation, Defendants are, concurrent with this filing, notifying the Panel of the existence of this lawsuit.  *See* Panel Rule 7.5(e) (governing "tag-along" actions); *see also* Notice of "Tag-Along" Action Pursuant to Panel Rule 7.5(e) (attached as Ex. B). Such notification typically triggers a conditional order transferring the case to the consolidated forum, to which Plaintiff may then object.  *See* Panel Rule 7.4.  In order to preserve judicial and party resources and avoid inconsistent pre-trial rulings, Defendants hereby request that this Court stay further proceedings, including the Defendants' obligation to respond to the Complaint, until the Panel has had an opportunity to decide the question of transfer.

Counsel for Plaintiff has indicated that he does not oppose this request.

## BACKGROUND

On February 19, 2008, Plaintiff filed the present lawsuit based on injury allegedly arising from a May 3, 2006, theft of electronic equipment possessed by an employee of the Department of Veterans Affairs.  *See* Complaint ¶ 14 ("On or

about May 3, 2006, a laptop computer and external data storage device or devices were reported stolen from the Aspen Hill, Maryland home of John Doe, a VA employee.  The laptop computer and data storage device or devices contained a copy of a collection or grouping of information pertaining to approximately 26.5 million persons . . . .").  The Complaint contains a single claim for relief under section 552a(e)(10) of the Privacy Act, alleging that the Department of Veterans Affairs failed "to establish appropriate safeguards to ensure the security and privacy of veteran records and to protect against known and anticipated threats or hazards to the security and integrity of the private personal records of the Class." *Id.* ¶ 33.

The factual and legal allegations of Plaintiff's Complaint are similar, if not identical, to three lawsuits that had been filed almost two years earlier.  On November 3, 2006, the Judicial Panel on Multidistrict Litigation granted the Defendants' Motion to consolidate these three lawsuits for pretrial proceedings before Judge Robertson in the District of Columbia pursuant to 28 U.S.C. § 1407. As the Panel noted in its order, the three lawsuits were "putative nationwide class actions that share allegations concerning a May 3, 2006, theft of a laptop computer and external hard drive from the home of an employee of the VA. . . .  Plaintiffs bring, inter alia, claims under the Privacy Act, 5 U.S.C. § 552a, against

- 3 -

defendants.  Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary."  Transfer Order at 1.

Pursuant to Rule 7.5(e) of the Rules of the Judicial Panel on Multidistrict Litigation, "[a]ny party or counsel in actions previously transferred under Section 1407 . . . shall promptly notify the Clerk of the Panel of any potential 'tag-along actions' in which that party is also named or in which that counsel appears."  Panel Rule 1.1 defines a "tag-along" action as "a civil action pending in a district court and involving common questions of fact with actions previously transferred under Section 1407."

Once notification is received by the Panel, the Clerk of the Panel is authorized to enter an "order . . . transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation."  *See* Panel Rule 7.4(a).  That Order is conditional; a party subject to the Order may submit a Notice of Opposition to the Panel within 15 days of the entry of the Order.  *See* Panel Rule 7.4(c).  Once the Order becomes effective, however, this Court is divested of jurisdiction over the present case.  *See, e.g., In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1230

(9th Cir. 2006).

Pursuant to Panel Rule 7.5(e), Defendants are, concurrent with this filing, notifying the Panel of the existence of this lawsuit.

## ARGUMENT

Plaintiff filed his Complaint on February 19, 2008.  Accordingly, Defendants' response to the Complaint is currently due on or before April 22, 2008.  Given the fact that the Panel's decision on transfer will determine this Court's jurisdiction to proceed with this litigation, further proceedings in this matter should be stayed pending the Panel's ruling.

The Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the [cases] on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).  In assessing the instant motion for a stay, the Court should consider three factors: (1) conservation of judicial resources; (2) the burden and inequity to the moving party if a stay is not granted; and (3) potential prejudice to the non-moving party. *See, e.g., Aikins v. Microsoft Corp.*, No. 00-0242, 2000 WL 310391, at *1 (E.D. La.) (unreported) (granting stay pending decision by Judicial Panel on Multidistrict Litigation); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360, 1362 (C.D. Cal. 1997) ("[I]t appears that a majority of

courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved."). Each factor warrants granting a stay in this case.

### A.    A Stay Will Conserve Judicial Resources

Entering a short stay until the Judicial Panel on Multidistrict Litigation decides whether the present action should be consolidated and transferred would unquestionably serve the interests of judicial efficiency and economy. It would be an unnecessary waste of judicial and party resources for the case to proceed in advance of a decision by the Panel. As an initial matter, the Court would risk "needlessly expend[ing] its energies familiarizing itself with the intricacies of a case that would be heard by another judge" in the event that the case is transferred. *Rivers*, 980 F. Supp. at 1360; *see also id.* at 1361 ("In addition, even if this Court denied Plaintiffs' motion to stay, ruled upon more substantive motions, such as class certification, and then the matter was transferred to another court, there are no guarantees that an order by this Court would not later be vacated and this Court's investment of time and resources would not have been in vain.").

Moreover, Judge Robertson has issued an order in the consolidated cases terminating any motion previously filed in an individual case. Jan. 23, 2007,

- 6 -

Initial Scheduling Order.  Accordingly, the work performed by the parties in the present case would simply be duplicated before Judge Robertson in the likely event that the case is transferred.  *See* DAVID F. HERR, MULTIDISTRICT LITIGATION MANUAL 227 (2007) ("The Panel has stated that a 'strong preference' exists favoring transfer since the transferee court is presumed to have set in place mechanisms for handling the cases and has gained familiarity with the issues.").

### B.    Defendants Will Be Prejudiced If a Stay Is Not Granted

Defendants will be unduly and needlessly burdened if they are forced at this time to answer or otherwise respond to Plaintiffs' Complaint.  Depending on the Panel's ruling, this case may ultimately be consolidated and transferred to the District of Columbia.  Assuming transfer and coordination, Defendants and the Court would have needlessly expended scarce resources responding to and assessing Plaintiff's Complaint, given that the issue raised in the Complaint is identical to the one in the consolidated litigation that remains to be decided by Judge Robertson.  Accordingly, the Defendants would bear the burden of simultaneously litigating the same issue in both lawsuits, as well as the risk that the Courts would reach divergent conclusions.  *See, e.g., Aikins*, 2000 WL 310391, at *1 ("[Defendant] would suffer a considerable hardship and inequity if forced to simultaneously litigate multiple suits in multiple courts."); *Hertz v. The Gator*

*Corp.*, 250 F. Supp.2d 421, 427 (D. N.J. 2003) ("The Court recognizes the heavy financial burden on [defendant] borne by having to defend [itself] in multiple fora."); *Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, No. 90-4378, 1991 WL 13725, at *1 (D. N.J.) (unreported) ("The Court notes that the parties and issues of fact are common in all of the actions and that if separate discovery were to go forward, much work would be duplicated.").

### C.    Plaintiffs Will Not Be Prejudiced by a Stay

A stay will not prejudice Plaintiff.  As an initial matter, the delay that results from a stay will be minimal.  The Rules of the Judicial Panel on Multidistrict Litigation state that an objection to a conditional transfer order must be received within fifteen days, and that the motion to vacate the conditional transfer order must be filed within fifteen days of the date of objection.  *See* Panel Rule 7.4. Accordingly, even assuming an objection by Plaintiff and a response by Defendants, the matter will be briefed for the Panel's consideration in a short amount of time.

Moreover, any burden to Plaintiff from this slight delay is dwarfed by the burden that Defendants will bear if they are forced to litigate similar issues in multiple courts, and the waste of judicial resources that will result if the Court expends energy on a case that is ultimately transferred by the Judicial Panel on

Multidistrict Litigation to the District of Columbia. *See Aikins*, 2000 WL 310391, at *1 ("Plaintiffs have failed to show any significant prejudice they would suffer, beyond the slight delay pending the JPML decision."); *Hookfin v. Novartis Pharmaceuticals Corp.*, No. 02-742, 2002 WL 987369, at *1 (E.D. La.) (unreported) (rejecting argument that stay will delay matter and cause plaintiff unnecessary expense); *Arthur-Magna, Inc.*, 1991 WL 13725, at *1 ("[T]he Court does not find that the balance of hardship weighs in favor of plaintiffs."). Indeed, "[w]hile [Plaintiff] may suffer some initial delay, once the cases are coordinated . . ., more time may well be saved than was lost." *Rosenfeld v. Hartford Fire Ins. Co.*, 1988 WL 49065, at *2 (S.D. N.Y.) (unreported).

In short, it makes little sense for Defendants to respond to the Complaint at this juncture in light of the pending decision by the Judicial Panel on Multidistrict Litigation. The Panel has already decided that "[c]entralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." Nov. 3, 2006, Transfer Order at 1. Were this Court to conduct a second set of pre-trial proceedings on the same facts and legal basis as the consolidated litigation before Judge Robertson, the effort of both the courts and the Defendants would be unnecessarily duplicated. The Court should therefore

grant Defendants' Motion to Stay further proceedings pending the Panel's decision. *See Gorea v. Gillette Co.*, No. 05-2425, 2005 WL 2373440, at *1 (W.D. Tenn.) (unreported) (staying proceedings and noting that "[a]ny prejudice to [Plaintiffs] resulting from a stay would be minimal, whereas without a stay, the burden on [Defendants] . . . would be significant. Moreover, the court would have to use judicial resources in making rulings . . . in a case over which it might ultimately lose jurisdiction."); *see also Bonenfant v. R.J. Reynolds Tobacco Co.*, Slip Op. at *1, 2007 WL 2409980 (S.D. Fla.) ("It is common practice for courts to stay an action pending a transfer decision by the JPML.").

## CONCLUSION

For the reasons stated above, Defendants respectfully request that this Court stay further proceedings pending a decision by the Judicial Panel on Multidistrict Litigation.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

ALICE MARTIN
United States Attorney

ELIZABETH J. SHAPIRO

Assistant Branch Director


_____*s/ Eric Womack*_____
ERIC R. WOMACK, IL Bar #6279517
Trial Attorney
United States Department of Justice
Federal Programs Branch
20 Massachusetts Ave., N.W.
Room 7122
Washington, D.C. 20001
(202) 514-4020
eric.womack@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 11, 2008, I caused a true and correct copy of

the foregoing document and attachments to be served on Plaintiff's counsel

electronically by means of the Court's ECF system.


                                                    _____*s/ Eric Womack*_____
                                                    ERIC R. WOMACK

FILED

2008 Apr-11 PM 02:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888

http://www.jpml.uscourts.gov

November 3, 2006

Nancy Mayer-Whittington, Clerk
1834 E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, N.W.
Washington, DC 20001-2802

Re: MDL-1796 -- In re Department of Veterans Affairs (VA) Data Theft Litigation

*Vietnam Veterans of America, Inc., et al. v. R. James Nicholson, et al.,* D. District of Columbia,
C.A. No. 1:06-1038
*Paul Hackett, et al. v. United States Department of Veterans Affairs, et al.,* E.D. Kentucky,
C.A. No. 2:06-114
*Michael Rosato, et al. v. R. James Nicholson, et al.,* E.D. New York, C.A. No. 1:06-3086

Dear Ms. Mayer-Whittington:

I am enclosing a certified copy and one additional copy of a transfer order filed today by the Panel in
the above-captioned matter. The order is directed to you for filing.

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a
certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being
transferred."

A copy of Rule 1.6 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation,</u> 199
F.R.D. 425, 428 (2001), which deals specifically with the transfer of files, is enclosed for your convenience.
Also enclosed are a complete set of the Panel <u>Rules</u> and a copy of Chapter 7 of Volume 4 of the <u>Clerks
Manual, United States District Courts.</u>

The Panel Clerk's Office maintains the only statistical accounting of multidistrict litigation traffic in
the federal courts. These statistics are used by the Administrative Office of the United States Courts and the
Judicial Conference. Therefore, your cooperation in keeping the Panel advised of the progress of this
litigation would be appreciated. We are particularly interested in receiving the docket numbers assigned to
each transferred action by your court; the caption and docket numbers of all actions originally filed in your
district; and copies of orders regarding appointment of liaison counsel, settlements, dismissals, state court
remands, and reassignments to other judges in your district.

- 2 -

Your attention is also directed to Panel Rule 7.6, regarding termination and remand of transferred actions. Upon notification from your court of a finding by the transferee judge that Section 1407 remand of a transferred action is appropriate, this office will promptly file a conditional remand order.

For your information, I am enclosing a copy of the Panel Attorney Service List.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _____
Mecca S. Carter
Deputy Clerk

Enclosures

cc w/all enclosures (Chapter 7 of Volume 4 of the Clerks Manual, U.S. District Courts, Rule 1.6, R.P.J.P.M.L., transfer order, Panel Attorney Service List, and complete Panel Rules):

                    Transferee Judge:  Judge James Robertson

cc w/order only:         Transferee Chief Judge:  Judge Thomas F. Hogan

cc w/order and Rule 1.6, R.P.J.P.M.L.:

                    Transferor Clerk(s):  Leslie G. Whitmer
                                      Robert C. Heinemann

                    Transferor Judge(s):  Judge William O. Bertelsman
                                      Judge Eric N. Vitaliano

JPML Form 33

A CERTIFIED TRUE COPY

NOV - 3 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1796*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 3 2006

FILED
CLERK'S OFFICE

## ~~BEFORE~~ THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE DEPARTMENT OF VETERANS AFFAIRS (VA) DATA THEFT LITIGATION

*Vietnam Veterans of America, Inc., et al. v. R. James Nicholson, et al.*, D. District of Columbia, C.A. No. 1:06-1038

*Paul Hackett, et al. v. United States Department of Veterans Affairs, et al.*, E.D. Kentucky C.A. No. 2:06-114

*Michael Rosato, et al. v. R. James Nicholson, et al.*, E.D. New York, C.A. No. 1:06-3086

## BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation currently consists of one action each in the District of District of Columbia, the Eastern District of Kentucky, and the Eastern District of New York. Defendants[1] move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of District of Columbia. Plaintiffs in the District of District of Columbia action support defendants' motion. Plaintiffs in the Eastern District of Kentucky action and the Eastern District of New York action oppose the motion and, alternatively, support transfer to the Eastern District of Kentucky.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact, and that centralization under Section 1407 in the District of District of Columbia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions are putative nationwide class actions that share allegations concerning a May 3, 2006, theft of a laptop computer and external hard drive from the home of an employee of the VA. The computer, and/or accompanying external hard drive, contained the names, dates of birth, and social security numbers of approximately 26 million veterans and active duty military personnel. Plaintiffs bring, inter alia, claims under the Privacy Act, 5 U.S.C. § 552a, against defendants. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

---

[1] The motion is made on behalf of defendants Department of Veterans Affairs (VA), VA Secretary R. James Nicholson, Deputy Secretary Gordon G. Mansfield, and VA employee John Doe, in their official capacities only.

- 2 -

Plaintiffs argue in opposition to Section 1407 centralization that there are a minimal number of actions involved and that alternatives to centralization, such as transfer under the "first to file" rule, are preferable to Section 1407 centralization. We disagree. Transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that the common parties and witnesses are not subjected to discovery demands that duplicate activity that will or has occurred in other actions. Discovery with respect to any case-specific issues can also proceed concurrently with discovery on common issues. *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976).

We are persuaded that the District of District of Columbia is a preferable transferee forum for this litigation. The District of District of Columbia is where likely relevant documents and witnesses may be found, inasmuch as many of the defendants are located in this district and the theft occurred in the Washington, D.C., metropolitan area.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the District of District of Columbia are transferred to the District of District of Columbia and, with the consent of that court, assigned to the Honorable James Robertson for coordinated or consolidated pretrial proceedings with the action already pending in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

FILED
2008 Apr-11  PM 02:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| _____ )<br>)<br>In Re: DEPARTMENT OF VETERANS )<br>AFFAIRS (VA) DATA THEFT )<br>LITIGATION )<br>)<br>_____) | MDL Docket No. 1796 |

**NOTICE OF "TAG-ALONG" ACTION
PURSUANT TO PANEL RULE 7.5(e)**

Pursuant to Panel Rule 7.5(e), the Defendant Department of Veterans Affairs hereby

notifies the Clerk of the Panel of the existence of a "tag-along" action, defined by Panel rules as

"a civil action pending in a district court and involving common questions of fact with actions

previously transferred under Section 1407." Panel Rule 1.1.  The schedule for the tag-along

action is as follows:

- _Barry Jackson v R. James Nicholson, in his official capacity as Secretary of Veterans Affairs, and United States Department of Veterans Affairs_
- United States District Court for the Northern District of Alabama, Southern Division
- Civil Action Number 08-RRA-0289-S
- Magistrate Judge Robert R. Armstrong, Jr.

The Defendant respectfully requests that the tag-along action be transferred for consolidation

with the three cases currently pending before United States District Judge James Robertson in the United States District Court for the District of Columbia.

## BACKGROUND

On November 3, 2006, the Panel issued an order transferring two lawsuits for consolidated pretrial proceedings with a case already pending in the District of Columbia.  As the Panel noted in its order, the three lawsuits were "putative nationwide class actions that share allegations concerning a May 3, 2006, theft of a laptop computer and external hard drive from the home of an employee of the VA. . . .  Plaintiffs bring, inter alia, claims under the Privacy Act, 5 U.S.C. § 552a, against defendants.  Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary."  Transfer Order at 1.

Since the Panel issued the Transfer Order, the Defendant has moved to dismiss or, in the alternative, for summary judgment on the claims asserted in the consolidated Complaints.  On November 16, 2007, Judge Robertson granted the motion in part and denied it in part.  *See* November 16, 2007, Memorandum Order (attached as Ex. A).  Judge Robertson dismissed the plaintiffs' Administrative Procedure Act and *Bivens* claims, as well as each of their claims under the Privacy Act save one.  *See id.*  The sole remaining claim alleges that the Defendant failed to establish appropriate safeguards for the protection of records as mandated by the Privacy Act. *See* 5 U.S.C. § 552a(e)(10).

Following Judge Robertson's decision, the Defendant answered each of the consolidated Complaints with respect to the sole remaining claim, and the parties have been engaged in conversations regarding the possibility of settlement.  The parties have not yet held a conference

2

pursuant to Federal Rule of Civil Procedure 26(f) and have therefore not yet engaged in pre-trial

discovery.

## ARGUMENT

On February 19, 2008, a lawsuit was filed against the Defendant in the United States

District Court for the Northern District of Alabama based on injury allegedly arising from the

very same data theft that gave rise to the previously consolidated lawsuits. *See Jackson*

Complaint ¶ 14 (attached as Ex. B) ("On or about May 3, 2006, a laptop computer and external

data storage device or devices were reported stolen from the Aspen Hill, Maryland home of John

Doe, a VA employee.  The laptop computer and data storage device or devices contained a copy

of a collection or grouping of information pertaining to approximately 26.5 million

persons . . . .").  The Complaint filed in the Northern District of Alabama contains a single claim

for relief under section 552a(e)(10) of the Privacy Act, alleging that the Department of Veterans

Affairs failed "to establish appropriate safeguards to ensure the security and privacy of veteran

records and to protect against known and anticipated threats or hazards to the security and

integrity of the private personal records of the Class." *Id.* ¶ 33.  Accordingly, the newly-filed

Complaint states as its only claim the same allegation that remains to be decided in the

consolidated litigation before Judge Robertson.

Panel Rule 1.1 defines a tag-long action as a civil action "involving common questions of

fact with actions previously transferred under Section 1407."  The recently-filed lawsuit in the

Northern District of Alabama involves common, if not identical, questions of fact with those

previously consolidated by the Panel. *Cf. In re Managed Care Litigation*, 246 F. Supp.2d 1363,

1364 (J.P.M.L. 2003); *In re Equity Funding Corp. of Am. Litigation*, 391 F. Supp. 767, 768

3

(J.P.M.L. 1975) (per curiam). Accordingly, as the Panel stated in its earlier decision in this matter, centralization of the tag-along and previously-consolidated cases would preserve judicial resources while at the same time eliminating the risk of duplicative discovery and inconsistent pretrial rulings. Nov. 3, 2006, Transfer Order at 1. In addition, Judge Robertson's management of the consolidated litigation would not be adversely affected by the inclusion of the tag-along case due to the similarities of the safeguards claims that remain to be decided, including the discovery that has yet to take place on these claims. *See, e.g., In re Koratron Patent Litigation*, 327 F. Supp. 559, 560 (J.P.M.L. 1971) (per curiam).

## CONCLUSION

For the reasons stated above, the Defendant hereby notifies the Panel of the tag-along action recently filed in the Northern District of Alabama. The Defendant requests that this action be consolidated with the three lawsuits previously transferred by this Panel and consolidated for pre-trial proceedings before Judge Robertson in the United States District Court for the District of Columbia.

Dated: April 11, 2008                     Respectfully submitted,

                                          JEFFREY S. BUCHOLTZ
                                          Acting Assistant Attorney General

                                          ELIZABETH J. SHAPIRO
                                          Assistant Branch Director


                                          _____
                                          ERIC R. WOMACK
                                          Trial Attorney
                                          U.S. Department of Justice
                                          Civil Division/Federal Programs Branch

Mail:   P.O. Box 883
          Washington, D.C.  20044
Street: 20 Massachusetts Ave., N.W.
          Room 7122
          Washington, DC  20001
Ph:    (202) 514-4020
Fax:   (202) 616-8470
Email: eric.womack@usdoj.gov

*Attorneys for Defendants Department of Veterans Affairs and Secretary of Veterans Affairs in his official capacity*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **NOTICE OF "TAG-ALONG" ACTION PURSUANT TO PANEL RULE 7.5(e)** and accompanying exhibits were served upon counsel of record for Plaintiffs via first class mail this 11th day of April, 2008, in the following cases :

*In Re: Department of Veterans Affairs (VA) Data Theft Litigation*, Misc. Action No. 06-0506 (D.D.C. JR)

> Douglas Rosinksi
> Donald A Cockrill
> Ogletree, Deakins, Nash, Smoak & Steward, P.C.
> 1320 Main Street, Suite 600
> Columbia, South Carolina 29201-3266

> John C. Murdock
> Jeffrey S. Goldenberg
> Murdock Goldenberg Schneider & Groh, LPA
> 35 East 7th Street
> Suite 600
> Cincinnati, OH 45202

> Marc D. Mezibov
> 401 East Court Street, Suite 600
> Cincinnati, Ohio 45202

> Mark D. Smillow
> Weiss & Lurie
> 551 Fifth Avenue
> New York, NY 10179

> Christian A. Jenkins
> Minnillo & Jenkins
> 22 West 9th Street
> Cincinnati, OH 45202

> Gary Edward Mason
> The Mason Law Firm, LLP
> 1225 19th Street, NW
> Suite 500
> Washington, DC 20036

*Barry Jackson v R. James Nicholson*, Civil Action Number 08-RRA-0289-S (N.D. Ala.)

> Archie C. Lamb
> F. Inge Johnstone
> Tyrell F. Jordan
> The Lamb Firm, LLC
> 2900 First Avenue South
> Birmingham, Alabama 35233

ERIC R. WOMACK
Trial Attorney
U.S. Department of Justice
Civil Division/Federal Programs Branch
Mail:   P.O. Box 883
            Washington, D.C.  20044
Street: 20 Massachusetts Ave., N.W.
            Room 7122
            Washington, DC  20001
Ph:      (202) 514-4020; Fax:  (202) 616-8470

FILED

2008 Apr-11  PM 02:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **BARRY JACKSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No. CV-08-RRA-0289-S** |
| **R. JAMES NICHOLSON, in his** | ) | |
| **official capacity as** | ) | |
| **Secretary of Veterans Affairs, and** | ) | |
| | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF VETERANS AFFAIRS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

For the reasons stated in Defendants' UNOPPOSED MOTION TO STAY

FURTHER PROCEEDINGS PENDING DECISION BY THE JUDICIAL PANEL

ON MULTIDISTRICT LITIGATION, the Motion is GRANTED and this matter is

STAYED pending decision by the Panel.


IT IS SO ORDERED, this _____ day of _____, 2008.


_____
HON. ROBERT R. ARMSTRONG, JR.
UNITED STATES MAGISTRATE JUDGE